ALCOVER, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Arecibo Denying Admission to Record of a Usufructuary Estate.

No. 190.—Decided June 27, 1914.

RECORD OF TITLE—USUFRUCTUARY HEIR—LIQUIDATION OF CONJUGAL PARTNERSHIP.—When, as in the case at bar, a property appears recorded in the registry of property as the private property of the deceased spouse, his widow need only prove his death and her character as usufructuary heir to the said house in order to record in her favor the usufructuary right thereto, and the liquidation of the conjugal partnership between her and her husband and the partition of the estate of the deceased spouse are not necessary. Neither does the fact that in the record of the death of her husband it is stated that he had been married before affect the recording of the property.

The facts are stated in the opinion.
*Mr. Manuel Paz Urdaz* for the appellant.

Mr. José Marcial López, the registrar, did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Arecibo denying admission to record of deed number 453 executed in the said city on December 19, 1911, by Antonio Alcover Ferrá as attorney in fact of Margarita Ferrá Fontanet, widow of Pedro Antonio Pizá Bisbal, closing up the liquidation of the conjugal partnership composed of herself and Pizá Bisbal and declaring the property inherited by her. The said deed was presented in the registry of property for the purpose of recording the usufructuary interest of Margarita Ferrá y Fontanet in a house belonging to her deceased husband, said house being No. 7 General Pavía Street, formerly La Cruz Street, in the Monserrate ward of the city of Arecibo.

The decision appealed from reads as follows:

"Admission to record of this deed is denied so far as regards the urban property referred to in the foregoing note of presentation, for the following legal reasons: 1. Because the testator, Pedro Antonio Pizá Bisbal, having appointed Bartolomé Sampol, or, on his failure, Gaspar Borrás y Ferrer, to appraise and settle up his estate, only one of them can liquidate the conjugal partnerships which existed between the testator and his two wives, Magdalena Ferrá y Alberti and Margarita Ferrá y Fontanet, with the intervention of the latter and others interested in the estate, this being an indispensable prerequisite in order to determine the actual estate subject to distribution. 2. Because the liquidation of the conjugal partnership made by the said inheriting widow, Margarita Ferrá y Fontanet, of a portion of the estate of the deceased and the appropriation of property to herself without first liquidating the first conjugal partnership, is ineffective for the purpose of obtaining the admission to record of the usufructuary interest, inasmuch as it is not a simple description of the property subject to said usufruct, but an express and specific appropriation which can only be made in the general partition of the estate. 3. Because even supposing that the inheriting widow had the right to make said liquidation without the intervention of the testamentary partitioner and others interested in the

estate and without previously liquidating the first conjugal partner-
ship, the power of attorney given to Antonio Alcover y Ferrá con-
tains no specific authority to represent her in such liquidation, these
reasons being based on section 1024 of the Civil Code and the deci-
sions of the General Directorate of Registries of Spain of September
9 and November 19, 1895; March 14, 1903; February 26 and May
25, 1906; September 11, 1907, and June 21, 1906. And these de-
fects being incurable, in compliance with the provisions of section 7
of the Act of March 1, 1902, a cautionary notice was entered, to
remain in force for the legal period of 120 days from the date of
its entry, on page 44 of volume 17 of this municipality of Arecibo,
property No. 10, triplicate, entry letter C. Arecibo, April 25, 1914.
José Marcial López, Registrar.''

In addition to the said deed the Registrar of Arecibo in
denying the admission to record had before him the follow-
ing documents: (*a*) A certificate of the registration of the
death of Pedro Antonio Pizá Bisbal which occurred on January
ary 5, 1911, in the city of Sóller, Province of Las Baleares,
Spain; (*b*) a copy of the will executed by Pisá y Bisbal in
the said city of Sóller on June 28, 1910; (*c*) a copy of the
power of attorney executed on February 3, 1911, in the said
city of Sóller by Margarita Ferrá y Fontanet, widow of Pedro
Antonio Pizá Bisbal, in favor of Antonio Alcover Ferrá.

Besides the date and circumstances surrounding the death
of Pedro Antonio Pizá y Bisbal, document *a* states, among
other things, that his first wife, Magdalena Ferrá y Alberti,
had left him a widower without issue and that at the time
of his death he was married to Margarita Ferrá y Fontanet
and that they had no issue.

In document *b* testator Pizá y Bisbal declared that he had
no heirs at law and after designating some legacies he named
his wife, Margarita Ferrá y Fontanet, as the universal usu-
fructuary heir to the residue of all his property and rights,
both present and future, without bond or inventory, while she
remained a widow, with power to sell, encumber and alienate
any portion of his estate if in her discretion she should deem
it necessary for her support. He named other absolute and

usufructuary heirs to be effective after the extinguishment of said usufructuary estate and appointed Bartolomé Sampol, or, on his failure, Gaspar Borrás y Ferrer, with ample powers as partitioners of his estate.

By document *c* Margarita Ferrá y Fontanet, resident of Sóller, after reciting that her husband, Pedro Antonio Pizá y Bisbal, had died leaving a will in which he named her as his universal usufructuary heir, without bond or inventory, with power to sell, encumber and alienate any part of the estate at her sound discretion, stated "that in such capacity she confers full power upon Antonio Alcover Ferrá in order that, in representation of the wishes, acts and rights of his principal in Porto Rico, he may manage her property of whatever kind which she may now or hereafter possess and receive its proceeds, rents and interest, pay charges thereon, lease, rent or employ the same for partnership purposes and evict tenants and lessees. He may adjust accounts with those required to render the same and receive the resulting balances. He may demand and collect amounts due to the Succession of Pedro Antonio Pizá Bisbal, giving receipts and acquittances and cancelling mortgages or other liens on the properties of debtors or bondsmen. He may assign, sell, exchange and alienate generally, by any kind of title, all property and rights at such prices and under such agreements and terms as he may deem best, and particularly the rights and interests which the said succession has or may have in the partnership of Pizá & Company, Limited, of Arecibo. He may take charge of, liquidate and dissolve the said partnership and any others, accepting the property which for any reason may be adjudicated to them. He may extend the said partnership or others as he sees fit, or reorganize them on the capitalization, conditions and for such time as he may deem proper. He may make all kinds of compromises and agreements. He may attend board meetings, vote for or against any resolution of the majorities and object to or appeal from them in proper form. He may execute and sign deeds or

other documents and represent the rights and interests of his principal without limitation. For these purposes, if he consider it necessary, he may appear before any court, authority, corporation or official in demand of justice.''

Acting under the said power of attorney, on December 19, 1911, as the attorney in fact of Margarita Ferrá y Fontanét only and without the intervention of a partitioner or of any other person, Antonio Alcover Ferrá executed deed No. 453 in which, after enumerating the property left by Pedro Antonio Pizá Bisbal in this Island at his death and stating what part thereof was acquired while he was single and what part during the conjugal partnership, the total value of which was $8,368.18, he designated the amount corresponding to each spouse without making any allotment and accepted for his principal the inheritance left her by the deceased spouse, concluding by stating, among other things, that the two houses acquired by the testator while single, one being No. 7 on the south side of General Pavía Street, formerly La Cruz Street, ward of Monserrate, Arecibo, referred to in the decision appealed from, should be recorded in the Registry of Property of Arecibo under title of testate inheritance in usufruct on the resolutory condition imposed by the testator.

In view of said documents a, b, c, and that of December 18, 1911, which were presented with the sole object of securing the admission to record in the name of Margarita Ferrá y Fontanét of the usufructuary interest in the said house of her deceased husband, we are of the opinion that the Registrar of Property of Arecibo should have entered the record solicited instead of denying it.

As to the house in question, it was stated in deed No. 453 ''that it was acquired by the deceased, Pedro Antonio Pizá Bisbal, while he was single in payment of a mortgage credit in an executory action which he brought in the Court of First Instance of Arecibo against Francisco Antonio Maltes Omedes, as is shown by the decree of June 8, 1886, rendered by

Judge Enrique Díaz y Guijarro and entered by Clerk Osvaldo Alfonzo Bauzá, said document being recorded on page 109, over, of volume 1 of Arecibo, property No. 10, duplicate, record 8th.''

In view of the foregoing averment which is not contradicted by the registrar—that is to say, it being admitted that the urban property in question is recorded in the Registry of Property of Arecibo as the private property of Pedro Antonio Pizá Bisbal—the widow, Margarita Ferrá y Fontanet, is only required to prove the death of Pizá Bisbal and her character of usufructuary heir to his estate to secure the admission to record in her favor of the right of usufruct in house No. 7 of General Pavía Street of Arecibo. These facts have been fully proven by presenting to the registrar the certificate of the death of Pizá Bisbal and the will executed by him. Neither the liquidation of the conjugal partnership that existed between Margarita Ferrá y Fontanet and Pedro Antonio Pizá y Bisbal nor the partition of the estate left by Pisá Bisbal was necessary for the recording. *Estate of Dávila* v. *The Registrar,* 15 P. R. R., 652; *Quiñones* v. *The Registrar,* 16 P. R. R., 15; *Ríos* v. *The Registrar,* 19 P. R. R., 708.

The usufructuary interest whose record is sought is not derived from deed No. 453 for the liquidation of the conjugal partnership and declaration of inheritance, for, as its text shows, the said instrument contains no express and specific allotment of property to Margarita Ferrá y Fontanet; but it is derived from the will executed by Pedro Antonio Pizá Bisbal, and therefore, even supposing that the defects found by the registrar exist in the said deed, such defects would never affect the usufructuary right in question nor, therefore, prevent the recording of the same in the registry. Nor does the fact that the certificate of the death of Pedro Antonio Pizá y Bisbal shows that he had been married first to Magdalena Ferrá y Alberti prevent its admission to record, for her rights, whatever they may be in connection with

the estate of Pedro Antonio Pizá y Bisbal, may be asserted when, where and in the manner deemed convenient.

And the authority of Antonio Alcover Ferrá to endeavor to secure admission to record of the usufructuary right in the name of his principal, cannot be questioned in view of the terms of the power of attorney.

The decision appealed from is. reversed and it is ordered that the record solicited be granted.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.